KLEIN, J.
Information obtained pursuant to the investigation of a law enforcement officer is confidential while' the investigation is ongoing. In the present case, the Police Benevolent Association (PBA) filed a petition for writ of mandamus seeking disclosure of such information, and the trial court granted the petition because it determined that the investigation had been concluded. The sheriff appeals and we affirm.
The PBA sought release of the information on the ground that it was a public record under section 119.07(1), Florida Statutes (1997). The sheriffs position was that the investigation of the officer was still ongoing, and accordingly the records were confidential under section 112.533(2)(a), which provides in part:
A complaint filed against a law enforcement officer ... and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of Florida Statutes section 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head’s designee provides written notice to the officer who is the *1182 subject of the complaint, either personally or by mail, that the agency has either:
1) concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
2) concluded the investigation with a finding to proceed with disciplinary action or to file charges.
The case turns on whether a letter from the sheriffs office to the officer being investigated is consistent with the investigation having been concluded under subsection (2). The material portions of the letter are:
SUBJECT: PRE-DISCIPLINARY DETERMINATION MEETING
[[Image here]]
An internal investigation concerning you has been completed. The allegations have been sustained as follows:
OPR Case 98-097
Section IX (58) Untruthfulness
These charges could result in formal disciplinary action. Accordingly, this is a formal notice to advise you that you have five (5) working days from the date of receipt of this letter to make an appointment with me prior to any disciplinary action being taken as a result of the investigation. At that time you may make whatever statement you so choose regarding this investigation and present whatever information you would like to have placed in your file in response to the sustained report.
You may review the findings of the Office of Professional Regulation investigation by contacting the Commander, Office of Professional Regulation prior to our meeting. Subsequent to our meeting you will be notified in writing of the disciplinary action to be taken. If you fail to respond to this letter within the designated time period, you will be notified in writing as to the disciplinary action to be taken.
The first paragraph of the letter, stating that the investigation has been “completed” and that the “allegations have been sustained,” reflects that the investigation was “concluded.” The last paragraph of the letter is “notification,” as required by section 112.533(2)(a), of the agency’s finding to proceed with disciplinary action. This is so because the statement “disciplinary action to be taken” indicates that the agency has already decided that any action to be taken would be disciplinary in nature. By modifying “action” with “disciplinary,” the agency has indicated that any action taken will only be in the form of punishment. Taken together they clearly meet the requirement of section 112.533(2)(a)2.
The sheriff relies on Opinion 95-59 of the Florida Attorney General. That opinion summarizes its conclusion as follows:
A complaint and information gathered in the investigation of that complaint against a law enforcement officer become public records at the conclusion of the investigation or at such time as the investigation becomes inactive. The fact that written notice of intervening actions is provided to the officer under investigation does not signal the end of the investigation, nor would such notice, result in the necessity of making this information public prior to the conclusion of the investigation.
We cannot agree with the sheriff that the letter was merely notice of an “intervening” action, in light of the language contained in the first paragraph of the letter. His argument that these records are still confidential because discipline has not been determined is without merit in light of section 112.533(2)(a), which clearly contemplates that an investigation is completed prior to disciplinary action being taken. We therefore affirm.
GUNTHER and STEVENSON, JJ., concur.