WARNER, J.
Appellant, the Palm Beach County Police Benevolent Association, appeals from two separate orders denying its petitions for writ of mandamus to obtain copies of investigative files on two Palm Beach Sheriffs Office (“PBSO”) deputies. In both cases, the PBSO contended that its internal investigation had not concluded and, therefore, disclosure was exempted by section 112.533(2)(a), Florida Statutes (2000). We agree and affirm.
Appellant requested copies of documents in two internal investigations of sheriffs deputies, contending that the documents were public records. The PBSO responded that their internal investigation was not complete. Appellant then filed a petition for writ of mandamus, alleging that the investigation had reached a point where disclosure was required, and the exemption provided by section 112.533(2)(a) no longer applied.
At the hearing, a PBSO director testified and explained the procedure on internal investigations. The matter is first assigned to an internal affairs investigator to conduct an initial investigation (“OPR”). The investigator makes findings but never makes a recommendation as to discipline. The matter is then sent to the division commander. The commander sends a notice to the investigated officer, offering a pre-disposition meeting at which the officer can present his or her side of the case. The procedures at the pre-disciplinary determination meeting, admitted into evidence, stated in part:
(4) This opportunity to respond to the charges is two-fold: (1) The agency seeks to protect the employee from erroneous or arbitrary adverse action; (2) to afford the agency an opportunity to reevaluate its position after reviewing the information you present on your behalf, or to affirm or alter its action as may be warranted.
[[Image here]]
(7) The pre-discipline determination meeting shall be informal and is not in the nature of an evidentiary hearing. Information you present will be evaluated.
After any such meeting, the commander makes non-binding recommendations to the assistant director. Alternatively, the commander — or the assistant director or director — may send the matter back to OPR for further investigation.
The trial court found that the review of the ease by the commander and the director was part of the investigation so that *1280 the investigation was not concluded for purposes of section 112.538 until after their review. Appellant unsuccessfully argued that at the point the notice was sent to the investigated officer regarding the pre-disciplinary hearing, the investigation stage was concluded and the exemption from public disclosure ceased to exist. We agree with the court’s conclusion.
With respect to complaints filed against law enforcement officers, section 112.533(2)(a) provides an exemption from the required disclosure of public records under Chapter 119, Florida Statutes (2000), until the investigation is complete:
A complaint filed against a law enforcement officer ... and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head’s desig-nee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either:
1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges.
Notwithstanding the foregoing provisions, the officer who is the subject of the complaint may review the complaint and all statements regardless of form made by the complainant and witness immediately prior to the beginning of the investigative interview.
§ 112.533(2)(a), Fla. Stat. (2000). We considered the application of this statute in Neumann v. Palm Beach County Police Benevolent Ass’n, 763 So.2d 1181 (Fla. 4th DCA 2000). In that case, the PBSO pre-disciplinary hearing letter stated: “An internal investigation concerning you has been completed.” Id. at 1182 (emphasis added). It then gave notice of the opportunity for a hearing prior to any disciplinary action being taken as a result of the investigation. We affirmed the trial court’s order requiring disclosure of the investigation records, concluding that the use of the word “completed” met the requirements of section 112.533(2)(a)2. See id. We interpreted that the letter’s reference to “disciplinary action to be taken” indicated that the agency had already decided that any action to be taken would be disciplinary in nature.[1]
After Neumann, the PBSO modified its letter notifying of a pre-disciplinary hearing. The letter now states: “The allegations contained in an internal investigation have been tentatively sustained.” Thus, the letter removed the statement that the investigation was completed. The trial court determined that at the point the letter was sent out the investigation continued, and we agree. Reviewing both the testimony presented as well as the pre-disciplinary determination meeting procedures, it is clear that the meeting with the investigated officer is part of the information gathering process. What the officer tells the investigators will be evaluated. Discipline is not an accepted fact at this point. There is no “finding to proceed with disciplinary action or to file charges.” Therefore, we conclude that the trial court correctly determined that the internal investigation file was still subject to the exemption of section 112.533(2).
*1281 In addition, with respect to case no. 4D00-1043, the order denying the petition for writ of mandamus may be sustained both on the foregoing reasoning as well as the exemption from disclosure contained in section 119.07(3).
In that case, appellant represents Officer Green in connection with an internal affairs investigation and disciplinary proceeding and filed a public records request with PBSO for copies of the internal investigative file. At the time the request was made, the Office of Professional Regulation of PBSO had submitted its investigative report and findings to the division commander, and three proposed charges of departmental misconduct by Green had been “tentatively sustained.” These charges included the commission of a misdemeanor, commission of a felony, and a breach of ethics.
PBSO refused to provide the files, contending that the records were exempt from disclosure because there was an ongoing criminal investigation of Officer Green. At that point in time, Green had been indicted by a grand jury for a misdemeanor of failure to report child abuse. The grand jury had not indicted on the proposed felony charge. Appellant thereafter filed a petition for writ of mandamus to compel production of the records. The trial court denied the request, concluding that there was an active criminal investigation.
Section 119.07(3) exempts from disclosure information in active criminal proceedings, including both active criminal intelligence information and investigative information. See § 119.07(3)(b), Fla. Stat. (2000). The statute also exempts investigative information that reveals the identity of the victim of child abuse or a victim of a lewd or lascivious offense who is less than 16 years of age. See § 119.07(3)(f), Fla. Stat. (2000). The court in this case found that the information in the internal investigation included information exempt under these statutory provisions.
While appellant acknowledges that the foregoing is exempt, it argues that it requested documents which went beyond the scope of the misdemeanor charge. Specifically, it wanted documents relating to the felony charge on which the grand jury did not indict Green. However, the record indicates that all of the charges arise from the same underlying facts. Therefore, the information would be as pertinent to the misdemeanor charge as it would be to the felony. Because the “criminal investigative information” exemption applies, the trial court correctly denied the petition.
Affirmed.
DELL and KLEIN, JJ., concur.

. It does not appear from our opinion or from our file that the evidentiary record before us in this case was before the court in Neumann.